[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS #106
This court held an evidentiary hearing on February 19, 1993 on the defendant's motion to dismiss the plaintiff's action for lack of subject matter jurisdiction on the ground that the plaintiff failed to exhaust its administrative remedies pursuant to paragraph 28 of the Provider Service Agreement between the parties. After examining the evidence and considering the testimony presented at the hearing, the court concludes that the description of the appeal procedure in paragraph 28 is imprecise and vague, and the wording indicates that the procedure is an informal voluntary process. The court further finds that the defendant has provided no authority indicating that the "appropriate state agency" would be required to hear an appeal from the president's decision.
The court also finds that, regardless of whether the procedure described in paragraph 28 could be considered mandatory or voluntary, the plaintiff attempted to resolve its dispute with the defendant by corresponding in writing with the president of the defendant company and by meeting with the president. The defendant thereafter did not respond with any "decision" upon which the plaintiff could appeal to "the appropriate state agency" and there was no evidence presented that any "written record" was made pursuant to paragraph 28. Therefore, the court finds that even if the procedure described in paragraph 28 could be construed as CT Page 2587 mandatory, the plaintiff complied with that procedure to the extent that it could, and any failure to further comply was due to the failure of the defendant to comply with that procedure.
The motion to dismiss is denied.
Philip R. Dunn, J.